UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BOBBY E. HENARD, )
)
       Petitioner, )
)
v. ) CAUSE NO. 3:08-CV-494 WL
)
SUPERINTENDENT, )
)
       Respondent. )

OPINION AND ORDER

Bobby E. Henard, a *pro se* prisoner, filed this habeas corpus petition challenging his loss of earned credit time in NCF 08-04-0152. Though Mr. Henard raises four grounds in his petition, the court will only address the one on which he prevails.

Mr. Henard argues, and the respondent concedes, that during his screening, he requested a statement from Offender Terry Corruthers.

> As documented on the screening report, the screening officer contacted Sergeant Patterson who informed the screening officer that Offender Terry Corruthers "wasn[']t up here" meaning Offender Corruthers was not present when this incident occurred. The screening officer wrote this information on the screening report, thus properly documenting why a statement from Offender Corruthers was being denied.

Memorandum in Support of the Return to the Order to Show Cause at 6, DE 8 (brackets in original, citations omitted). *Wolff v. McDonnell*, 418 U.S. 539 (1974) guarantees an accused inmate the right to present relevant, potentially exculpatory evidence. The testimony of witnesses can be presented as a written statement because *Wolff* does not require either cross-examination or even in person testimony. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). In addition, witnesses cannot

be compelled to testify and "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002).

Here, Mr. Henard asserted that Offender Corruthers witnessed the incident and would have testified that he did not assault anyone. That qualifies as a request for relevant, potentially exculpatory evidence. Though Sgt. Patterson told the screening officer that Offender Corruthers was not present during the incident, Offender Corruthers should have nevertheless been asked for a statement. Though he (like any witness) could have refused to give one, there is no evidence in this record that he was afforded that opportunity. It is possible that Offender Corruthers statement would have said that he did not see anything because he was not there, but it could have also said otherwise. Certainly if the investigating officer believed that Offender Corruthers statement was false, he could have gotten a statement from Sgt. Patterson as well. Indeed, an offender suspected of giving false testimony could even be given his own conduct report. But what happened here was not permissible: the effort to obtain a written statement from Offender Corruthers was stopped by the screening officer because a correctional officer said that the offender had not been present during the incident. Such questions of fact are for the Disciplinary Hearing Body (DHB) to resolve. Because he was denied due process when he was prevented from presenting relevant, potentially exculpatory evidence, habeas corpus will be granted on this claim.

Mr. Henard has demonstrated that he was denied the right to introduce relevant, potentially exculpatory evidence, therefore this habeas corpus petition will be granted. For the foregoing reasons, the Court **CONDITIONALLY GRANTS** the writ of habeas corpus on Ground 1. The Respondent must either give Bobby E. Henard a new hearing at which he is afforded the opportunity to present the statement of Offender Terry Corruthers **OR** restore any earned credit time that Bobby

E. Henard lost as a result of this disciplinary incident. The Respondent is **ORDERED** to send proof that he has complied with this order on or before July 1, 2009.

SO ORDERED.

ENTERED: May  7 , 2009

                                            s/William C. Lee
                                            William C. Lee, Judge
                                            United States District Court